■ ROBERT H. VAN EPPS et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 35886.) — Judgment unanimously modified on the law and facts to increase the amount of award to $8,000 and, as so modified, affirmed, with costs to appellants. Inconsistent findings of fact disapproved and reversed and new findings made. Memorandum: The factual finding

of the trial court that claimants failed to prove an abandonment of Town Line Road is against the weight of the evidence. Upon the trial there was received in evidence, without objection on the part of the State, the testimony, findings of fact and conclusions of law made by the Court of Claims in the action of *Liberty Combustion Corp.* v. *State of New York.* Therein the court found that Town Line Road since 1924 had not been used as a public highway and that the road had not been used for more than 20 years prior to the appropriation thereof by the State for use as part of a new highway. Upon the present trial the State submitted testimony from one witness who stated that while the road had never been open " there were tracks and when the weather was good, trucks and cars had driven " on it. The witness specified no dates as to when these observations had been made. We find this proof insufficient to outweigh the substantial testimony of many witnesses in the trial of Liberty Combustion that the road had not been used for many years prior to the appropriation (Highway Law, § 205). Upon such abandonment title to the center of the road reverted to claimants' predecessors. Respondent correctly contends that claimants did not allege direct damage for the *de facto* appropriation of the abandoned parcel. Claimants' theory and proof were that they sustained consequential damage in the use of the building on the remainder of their lands by reason of the formal appropriation of a fractional acre and the *de facto* appropriation of the strip of land title to which had reverted to them. While claimants' expert expressed an opinion that the direct and consequential damage was $11,000, he admitted on cross-examination that this sum included $2,900 for the *de facto* appropriation of the portion of the road title to which had reverted to claimants. In the absence of such an element of damage in the claim there may be no recovery therefor. We find the direct and consequential damage to be the sum of $8,000. (Appeal by claimants from judgment of Court of Claims for claimants on a claim for permanent appropriation of realty and consequential damage.) Present — Bastow, J. P., Goldman, Henry and Noonan, JJ.