■ NIAGARA FALLS URBAN RENEWAL AGENCY, Appellant, v ALPS MOTOR INN AND RESTAURANT, INC., Respondent, et al, Defendants.—Judgment unanimously modified, on the law and facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: Plaintiff appeals from a judgment in condemnation which awarded defendant $557,797 for property devoted to restaurant and motel purposes in Niagara Falls. Both appraisers agreed that the highest and best use of the property was that for which it was used. They valued it by the income method, capitalizing the economic rents for both the motel and restaurant operation. The court found that both appraisers judged the net economic rent for the restaurant "to be about $48,200". In fact, this was not true. The property owner's appraiser had so testified, but the fortuitously close rent figure stated by the agency's appraiser did not represent net rent, but only the effective rent before the landlord paid various annual costs. Since the court was apparently mistaken in the basis for its decision, we modify (see *Van Epps v State of New York,* 19 AD2d 854). The only comparable used by defendant's appraiser to establish the economic rent for the restaurant was the lease for Lum's Restaurant, one block away. He was unable to interpret the confusing lease for that restaurant, but understood the instrument to require a flat rental plus a percentage of all gross sales above the base rent. In comparing this in his appraisal, however, he projected an economic rent for Lum's based upon the base rent, plus percentage of *all* gross sales. He made a similar mistake in using this comparable to determine the economic rent of the subject. The operator of Lum's testified that he had never paid more than the base rent and could not anticipate achieving the gross sales theorized by the appraiser in the future, although business had improved substantially by changing the menu from hot dogs to gourmet food. As a result of this testimony, the only probative evidence of restaurant rental on a net basis in the geographic area of the subject was the base rent of $4.50. The increase of this amount by the property owner's appraiser to an effective rental of $6.85 a square foot was not supported by the evidence. Accepting this base rent of $4.50 a square foot evidence, but adjusting it to reflect the subject's superior location near the falls, the size of the restaurant, and the nature of defendant's operation, together with the benefit of use in conjunction with the motel, we find the proper figure to be $4.85 a square foot by 7,000 square feet, or $33,950. Subtracting vacancy and management percentage and applying the same capitalization rates as the trial court, we find a value of $209,722 for land, $234,470 for improvements, and $15,031 stipulated for fixtures, for a total award of $459,223, plus interest. We have examined the other contentions raised by plaintiff and find them without merit. The trial court's determination of land value was within the range of the competent evidence. (Appeal from judgment of

Niagara Supreme Court in condemnation proceeding.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.