Memorandum. The order of the Appellate Division is affirmed, with costs. The appraisers for both parties and the courts below utilized the capitalization of income method of valuation by capitalizing the net economic rent attributable to *818 the subject premises (see, generally, 5 Nichols, Eminent Domain, § 19.23); and all agreed upon a 13.6% capitalization figure. However, as the Appellate Division indicated, defendant’s appraiser erred in basing his valuation of the comparable hum’s restaurant on a flat rental figure plus a percentage of gross sales, since the hum’s lease did not require payment of a percentage of gross sales. The trial court erred in concluding that the parties’ appraisers agreed on the net economic rent of the premises, since appellant’s appraiser had deducted various annual costs from his figure while the respondent’s appraiser did not. On the basis of the insufficiency in the trial court’s findings, the Appellate Division modified the award (see Van Epps v State of New York, 19 AD2d 854).
On this appeal, appellant does not challenge the Appellate Division’s base economic rent figure of $4.85 per square foot which was predicated on the base rent in the comparable hum’s lease with an upward adjustment for the superior location, size and nature of operations of the subject premises. It is appellant’s contention, and indeed its main thrust upon this appeal, that the Appellate Division erred in not including the basement area of the restaurant in its total figure for the net economic rent of the subject premises. There is no evidence in the record, however, to support the application of the base rent to the basement area since neither appraiser attributed any income to this area or utilized the area in computing net economic rent. Finally, in response to appellant’s claim that the Appellate Division erred in failing to consider the lease on the nearby Schraft’s property, it is noted that the appellant’s own appraiser testified that the Schraft’s facility was not comparable to the subject premises in that it included a large lobby, gift shop, elevators and underground parking and the Schraft’s lease did not allocate rent between the motel and restaurant portions of the premises.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.